**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| L.A. GEM & JEWELRY DESIGN, INC., <br><br> Plaintiff, <br><br> v. <br><br> ECOMMERCE INNOVATIONS, LLC dba INSPIRED SILVER; ENDOFRETAIL, INC.; DAVID STRAGER; and DOES 1-10, <br><br> Defendants. | CV 16-9325-RSWL-KSx <br><br> **ORDER re: Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue** [13] |

The present Motion to Dismiss for Lack of Personal Jurisdiction and/or Improper Venue ("Motion") [13] arises from a copyright infringement action between Plaintiff L.A. Gem & Jewelry Design, Inc. ("Plaintiff") and Defendants Ecommerce Innovations, LLC dba Inspired Silver ("Ecommerce"); EndofRetail, Inc. ("EOR"); and David Strager ("Strager")(collectively, "Defendants"). Having reviewed all papers submitted pertaining to this

Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) [13]. The Court also **DENIES** Plaintiff's request for jurisdictional discovery.

## I. BACKGROUND

### A. <u>Factual Background</u>

Plaintiff is a California corporation with its principal place of business in Los Angeles. Compl. ¶ 3, ECF No. 1. Plaintiff designs and creates jewelry and original artwork. <u>Id.</u> at ¶¶ 10-11. Ecommerce is a Nevada LLC with its principal place of business in Las Vegas. <u>Id.</u> at ¶ 4. Ecommerce is an online retailer that sells jewelry under other brand names like "Inspired Silver." Decl. of David Strager ("Strager Decl.") ¶ 7, ECF No. 13-1. EOR is a Delaware corporation with its principal place of business in Redondo Beach, California.[1] Compl. ¶ 5. EOR is a division of Ecommerce that offers daily online deals for fashion and beauty products. Strager Decl. ¶ 11. Defendants also manufacture and distribute jewelry products. Compl. ¶ 12. Strager is the founder and CEO of EOR and Ecommerce, and resides in Nevada. Compl. ¶ 6; Strager Decl. ¶ 4.

---

[1] Defendants aver that EOR is a division of Ecommerce that moved its principal place of business to Las Vegas, Nevada in June 2013. Mot. 1:24-26; Supp. Decl. of David Strager ("Strager Supp. Decl.") ¶ 5, ECF No. 18-1.

From 2011-2014, Plaintiff designed various iterations of an "LA Rocks I Love You to the Moon and Back" pendant. Compl. ¶¶ 14, 22. Plaintiff registered a copyright for the pendants, <u>id.</u> at ¶¶ 14, 23, and claims that Defendants have sold unauthorized and infringing copies of the pendants. <u>Id.</u> at ¶¶ 20, 31-32. Ecommerce sells the allegedly infringing jewelry through its website, www.inspiredsilver.com, its jewelry club at www.jewelryclub.inspiredsilver.com and through retailers www.bonanza.com and www.amazon.com. <u>Id.</u> at ¶ 4. EOR sells the allegedly infringing jewelry through its personal website, www.endofretail.com and through www.bonanza.com. <u>Id.</u> at ¶ 5.

**B.   Procedural Background**

Plaintiff filed a Complaint on December 16, 2016, alleging copyright infringement and contributory/vicarious infringement. <u>See</u> <u>generally</u> Compl. On February 9, 2017, Defendants filed a Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue [13]. On February 21, Plaintiff filed its Opposition [17]. Defendants filed a Reply on February 28, 2017 [18].

**II. DISCUSSION**

**A.   Legal Standard**

1.   <u>Federal Rule of Civil Procedure 12(b)(2)</u>

When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court may properly exercise

jurisdiction over the defendant.  <u>Pebble Beach Co. v.</u>
<u>Caddy</u>, 453 F.3d 1151, 1154 (9th Cir. 2006).  Absent
formal discovery or an evidentiary hearing, a plaintiff
need only make a prima facie showing that jurisdiction
is proper to survive dismissal.  <u>Id.</u> at 1154.

To satisfy this burden, a plaintiff can rely on the
allegations in his complaint to the extent they are not
controverted by the moving party.  <u>Barantsevich v. VTB</u>
<u>Bank</u>, 954 F. Supp. 2d 972, 982 (C.D. Cal. 2013).  If
defendants adduce evidence controverting the
allegations, however, the plaintiff must "come forward
with facts, by affidavit or otherwise, supporting
personal jurisdiction."  <u>Id.</u> at 982 (citation omitted).

"The general rule is that personal jurisdiction
over a defendant is proper if it is permitted by a
long-arm statute and if the exercise of that
jurisdiction does not violate federal due process."
<u>Pebble Beach</u>, 453 F.3d at 1154-55.  California
authorizes jurisdiction in the full extent permitted by
the Constitution.  <u>See</u> Cal. Code Civ. Proc. § 410.
Therefore, the only question the Court must ask is
whether the exercise of jurisdiction over defendants
would be consistent with due process.  <u>Harris Rutsky &</u>
<u>Co. Ins. Servs., Inc. v. Bell & Clements Ltd.</u>, 328 F.3d
1122, 1129 (9th Cir. 2003).

Due process requires that a defendant must have
such "minimum contacts" with the forum state that
"maintenance of the suit does not offend traditional

4

notions of fair play and substantial justice." Int'l
Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  The
minimum contacts required mean that the defendant must
have purposefully availed itself of the privilege of
conducting activities within the foreign jurisdiction,
thereby invoking the benefits and protections of the
foreign jurisdiction's laws.  See Asahi Metal Indus.
Co. v. Sup. Ct. of Cal., 480 U.S. 102, 109 (1987).

There are two recognized bases for exercising
jurisdiction over a nonresident defendant: (1) "general
jurisdiction," which arises where defendant's
activities in the forum are sufficiently "substantial"
or "continuous and systematic" to justify the exercise
of jurisdiction over him in all matters; and (2)
"specific jurisdiction," which arises when a
defendant's specific contacts with the forum give rise
to the claim in question.  Helicopteros Nacionales de
Colombia, S.A. v. Hall, 466 U.S. 408, 414-16 (1984).

2.   Federal Rule of Civil Procedure 12(b)(3)

Federal Rule of Civil Procedure 12(b)(3) allows a
party to file a motion to dismiss on the basis of
improper venue.  The plaintiff is required to establish
that venue is proper as to each defendant and as to
each claim.  Allstar Mktg. Grp., LLC v. Your Store
Online, LLC, 666 F. Supp. 2d 1109, 1126 (C.D. Cal.
2009)(quotation omitted).  Venue in a copyright action
"may be instituted in the district in which the
defendant or his agent resides or may be found."  28

U.S.C. § 1400(a).  Thus, in order to determine whether
venue is proper in this District, the Court must
determine whether it has personal jurisdiction over
defendant.  See Ins. Corp. of Ireland, Ltd. v.
Compagnie des Bauxites de Guinee, 456 U.S. 694, 711 n.1
(1982); see also Metro-Goldwyn-Mayer Studios Inc. v.
Grokster, Ltd., 243 F. Supp. 2d 1073, 1095 (C.D. Cal.
2003) ("Because the Court concludes that jurisdiction
is proper in this district [over copyright defendant],
venue is proper as well.").

**B.   Analysis**

    1.   Plaintiff's Request for Judicial Notice

    Plaintiff seeks judicial notice of four items.
First, Ecommerce's August 27, 2003 and September 4,
2015 "Statement of Information" filings with the
California Secretary of State.  Pl.'s Req. for Judicial
Notice ("Pl.'s RJN") 2:7-9, Ex. 1, ECF No. 17-3.
Second, the record for Trademark Registration Number
3124880, Ecommerce's trademark registration for
"Inspired Silver" from the Trademark Electronic Search
System ("TESS") on the United States Patent and
Trademark Office ("USPTO") website, dated August 1,
2006; and the record for Trademark Registration Number
4309910 for EOR's "End of Retail" trademark
registration from the TESS on the USPTO, dated March
26, 2013.  Id. at 2:10-13, Ex. 2.  Third, (1) keyword
search results for "I love you to the moon and back
440811" from the database of registered copyrights on

the Copyright Office's website; (2) and Plaintiff's "LA rocks I Love You to the Moon and Back: 440811" Copyright Registration No. VA000912320. <u>Id.</u> at 2:14-17, Ex. 3. Fourth, the Complaint and Civil Cover Sheet for Ecommerce's 2008 lawsuit filed in this Court, <u>Ecommerce Innovations, LLC v. Does 1-10</u>, No. 2:08-cv-04596-R-SS (C.D. Cal. July 11, 2008), ECF Nos. 1, 1-2. <u>Id.</u> at 2:18-20, Ex. 4. Defendants object to each of these requests on the grounds that the proffered documents are unauthenticated or not certified copies. <u>See</u> <u>generally</u> Defs.' Evid. Objs. ("Defs.' Objs."), ECF No. 19.

The Court **GRANTS** Plaintiff's Request for Judicial Notice [17-3] in its entirety. The California Secretary of State filings are appropriate for judicial notice, as they are matters of public record, and Defendants have offered no compelling reason why the documents are inauthentic. <u>Theta Chi Fraternity, Inc. v. Leland Stanford Jr. Univ.</u>, ---F. Supp. 3d---, 2016 WL 4524305, at *4 (N.D. Cal. Aug. 30, 2016). The USPTO trademark registrations are also judicially noticeable. TESS "is an official record memorializing the applications for the marks, and is published by a government organization [the USPTO];" thus, the exhibits' accuracy cannot reasonably be questioned. <u>Eksouzian v. Albanese</u>, No. CV 13-728 PSG (MANx), 2013 WL 12139828, at *n.2 (C.D. Cal. July 12, 2013).

The two remaining exhibits are also judicially

noticeable.  Judicial notice is appropriate for copyright registration documents.  <u>Idema v. Dreamworks, Inc.</u>, 90 F. App'x 496, 498 (9th Cir. 2003).  Because the Copyright Office database search results are publicly available and Defendants offer no compelling reason why they are inauthentic or subject to dispute, judicial notice is appropriate.  Finally, a court may "take judicial notice of the *existence* of another court's opinion or of the filing of pleadings in related proceedings; the Court may not, however, accept as true the facts found or alleged in such documents." <u>Peel v. BrooksAmerica Mortg. Corp.</u>, 788 F. Supp. 2d 1149, 1158 (C.D. Cal. 2011)(emphasis added)(citations omitted).  The Court takes judicial notice of the 2008 Complaint for the *existence* of its filing, but does not rely on the statements therein in its ruling on the instant Motion.

    2.  <u>Evidentiary Objections</u>

The Parties have filed objections to one another's declarations, exhibits, and requests for judicial notice.  ECF Nos. 17-2, 19.  To the extent the Court relies upon the objected-to evidence in reaching its conclusions, the Court addresses those objections below.  However, to the extent the Court has not relied on the objected to evidence, it need not rule on those evidentiary objections and deems the objections moot.

/// 

///

a. *Plaintiff's Objections*

Plaintiff objects to the Strager Declaration and Supplemental Strager Declaration. Plaintiff objects to Paragraph 8, lines 10-2 and Paragraph 12, lines 8-10 of the Strager Declaration where he declares that "the amount of transactions [Defendants] achieved from California residents over the past five years accounts for less than 10% of [Defendants'] total sales." Pl.'s Objs. to Strager Decl. 3:4-4:23, ECF No. 17-2. Plaintiff objects on the grounds of lack of foundation, best evidence rule, hearsay, irrelevance, and prejudice. As CEO, Strager has personal knowledge regarding ECommerce and EOR's sales, and the information is relevant to the personal jurisdiction inquiry. The Court **OVERRULES** Plaintiff's objections in their entirety.

Plaintiff objects to Paragraphs 4 and 5 in the Supplemental Strager Declaration where he declares that Defendants relocated their operations and principal place of business to Las Vegas, Nevada in June 2013. Plaintiff objects on the grounds that the evidence's prejudice outweighs its probative value. <u>See</u> <u>generally</u> Pl.'s Objs, ECF No. 22. Because this evidence directly controverts Plaintiff's insistence that Defendants conduct business in Los Angeles, these statements are relevant to the issue of whether Defendants are subject to general jurisdiction in California. The Court thus **OVERRULES** Plaintiff's Objections in their entirety

[22].

b. *Defendants' Objections*

Defendants object to the Keshishian Declaration and Plaintiff's Request for Judicial Notice. Defendants object to nearly all of the paragraphs and exhibits in the Keshishian Declaration, reciting nearly verbatim objections on the grounds of foundation, personal knowledge, authentication, improper lay opinion, lacks relevance, and hearsay. See generally Defs.' Evid. Objs. to Keshishian Decl., ECF No. 19. Plaintiff replied to Defendants' Objections on March 7, 2017 [21].[2] Because many of Defendants' objections are boilerplate and "devoid of any specific argument or analysis as to why any particular exhibit or assertion in a declaration should be excluded," United States v. HVI Cat Canyon, Inc., ---F. Supp. 3d---, 2016 WL 7011348, at *5 (C.D. Cal. Sept. 30, 2016), the Court **OVERRULES** all of Defendants' objections as to paragraphs 9-20 of the Keshishian and the associated

---

[2] Defendants filed an Objection to this document as an "Improper Surreply" because Plaintiff filed rebuttal arguments in response to Defendants' Reply without seeking leave of Court. Objs. to Pl.'s Improper Surreply 2:5-9; 2:26-28, ECF No. 24; C.D. Cal. L.R. 7-10 ("Absent prior written order of the Court, the opposing party shall not file a response to the reply.") The Court has reviewed Plaintiff's alleged "improper surreply." It does not contain citations and arguments responding to Defendants' Reply brief; it merely responds to Defendants' specific evidentiary objections. In any event, the Court has not considered Plaintiff's Response to Defendants' Objections [21] in its rulings on Defendants' Objections or in its substantive analysis.

10

exhibits [19].

3. <u>Personal Jurisdiction</u>

Plaintiff has not demonstrated Defendants are subject to personal jurisdiction in California. General jurisdiction is lacking in this case. And while specific jurisdiction is a closer call, Plaintiff ultimately fails to make a prima facie showing that Defendants are subject to specific jurisdiction in California.

a. *General Jurisdiction*

General jurisdiction arises where the defendant's activities in the forum are sufficiently "continuous and systematic" to "render them essentially at home in the forum state." <u>Daimler AG v. Bauman</u>, 134 S. Ct. 746, 754 (2014). The Court discusses Strager first.

"The paradigm for general jurisdiction over an individual is the individual's domicile." <u>Hendricks v. New Video Channel Am., LLC</u>, No. 2:14-cv-02989-RSWL-SSx, 2015 WL 3616983, at *4 (C.D. Cal. June 8, 2015)(internal quotation marks omitted). Plaintiff concedes in its Complaint that Strager is a Nevada citizen. Compl. ¶ 6. Strager agrees: his stated permanent home is in Las Vegas, Nevada, he does not have a personal mailing address in California, he does not conduct extensive business here, and he does not maintain personal bank accounts here. Strager Decl. ¶ 4.

Plaintiff avers that Strager owns property in

Hermosa Beach, California, and the property was "owner-occupied" according to a 2016 property assessment. Decl. of Milord Keshishian ("Keshishian Decl.") ¶ 17, Ex. L, ECF No. 17-1. But frequent visits to a forum or owning property in the forum, alone, do not satisfy general jurisdiction. <u>Hendricks</u>, 2015 WL 3616983, at *4. Beyond this lone piece of evidence, Plaintiff does not show that Strager frequently traveled to California for business, spent substantial amounts of time at his alleged Hermosa Beach property, or that Strager is integrated into California personally and fiscally. Thus, his contacts with California are neither systematic nor continuous.

The Court similarly concludes that Ecommerce and EOR are not "essentially at home" in California. The "paradigm" of a corporation's "home" is its place of incorporation and its principal place of business. <u>Daimler</u>, 134 S. Ct. at 760. The Complaint states that Ecommerce and EOR are a Nevada Limited Liability Company and Delaware corporation, respectively. Compl. ¶¶ 4, 5. Plaintiff alleges in the Complaint that EOR's principal place of business is in Redondo Beach, California. Compl. ¶ 5. But Defendants argue that Ecommerce and EOR both operate out of the same principal place of business in Las Vegas, Nevada after moving operations there in June 2013. Strager Decl. ¶¶ 10, 14.

Because the Court cannot deduce Defendants' general

jurisdiction from the principal place of business alone, it examines all Defendants' activities impacting the state. <u>Barantsevich</u>, 954 F. Supp. 2d at 983. Factors to be considered are "whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." <u>Bancroft & Masters, Inc. v. Augusta Nat'l. Inc.</u>, 223 F.3d 1082, 1086 (9th Cir. 2000).

Plaintiff avers that Ecommerce and EOR have an extensive business presence in this district, as shown through (1) California Secretary of State registrations designating agents for service of process in Rancho Palos Verdes and Santa Monica, California; (2) "repeated use" of Central District courts for litigation;[3] (3) Terms of Service agreements with social media companies whereby Defendants agreed to California jurisdiction; (4) an agreement with SoftLayer Technologies, Inc. to physically host its website in California; and (5) USPTO trademark registrations listing EOR's office location in Redondo Beach, California. Opp'n 9:23-25; Keshishian Decl. ¶¶ 19, 20, Exs. F-I; Pl.'s RJN Exs. 1, 2.

Defendants' first four arguments for general

---

[3] In 2008, Defendants filed <u>Ecommerce Innovations, LLC v. Does 1-10</u>, No. 2:08-cv-04596-R-SS, (C.D. Cal. July 14, 2008). Keshishian Decl. ¶ 15; Pl.'s RJN Ex. 4.

jurisdiction are largely unavailing.  Designation of an
agent for service of process in California, alone, is
not enough to show general jurisdiction.  See, e.g.,
King v. Am. Family Mut. Ins. Co., 632 F.3d 570, 579
(9th Cir. 2011).  And the 2008 lawsuit, in which
Defendants apparently stated that they had a principal
place of business in Torrance, California, Opp'n 3:1-3,
is unpersuasive in establishing general jurisdiction,
as Ecommerce voluntarily dismissed the case without any
explicit findings of general jurisdiction, nor was any
judgment rendered in Ecommerce's favor.  "[G]eneral
jurisdiction is [not] forever established over
Defendants solely because of their admissions in a
prior unrelated case, particularly when these
admissions did not previously result in an explicit
finding of general jurisdiction."  Regal Beloit Am.,
Inc. v. Broad Ocean Motor LLC, No. 4:16-cv-00111-JCH,
2016 WL 3549624, at *3 (E.D. Mo. June 30, 2016).

Plaintiff's argument—that Defendants stipulated to
California jurisdiction through promotion contracts
with various social media entities—is not well-taken.
An individual's contract with an out-of-state party, on
its own, is insufficient to establish general
jurisdiction.  NuboNau, Inc. v. NB Labs, Ltd., No. 10
cv2631-LAB (BGS), 2012 WL 843503, at *6 (S.D. Cal. Mar.
9, 2012).  As to the argument that the SoftLayer
contract confers general jurisdiction, having a single-
contract based relationship with California is a far

14

cry from "systematic, continuous" contacts when coupled with the remaining evidence. Man-D-Tec, Inc. v. Nylube Prods. Co., LLC, No. CV-11-1573-PHX-GMS, 2012 WL 1831521, at *2 (D. Ariz. May 18, 2012)("If the mere location of a server could create personal jurisdiction, any state where a server is located would have personal jurisdiction over any user of that server.")

Plaintiff's evidence regarding sales to California and EOR's alleged Redondo Beach business location present a closer call for general jurisdiction.

Transactions with California consumers amount to less than 10% of total sales over the past five years; thus, approximately 2% of Defendants' annual sales are dedicated to California. Plaintiff argues that California is one of Defendants' largest markets for sales, Compl. ¶ 2, but this evidence is controverted by Defendants' allegation that Defendants' California sales only make up less than 10% of its total sales. Strager Decl. ¶¶ 8, 12.

Percentages of sales in a given state, while not dispositive, may inform the general jurisdiction inquiry. Coremetrics, Inc. v. Atomic Park.com, LLC, 370 F. Supp. 2d 1013, 1022-23 (N.D. Cal. 2005). And courts' varying decisions as to sales percentages suggest that there is no magic number to confer general jurisdiction. Compare Sky Billiards, Inc. v. Loong Star Inc., No. EDCV 14-00921 JGB (Spx), 2014 WL

12601022, at *3 (C.D. Cal. Sept. 4, 2014)(18% of total sales to California, while "significant," did not make defendant at home in California), and Natural Wellness Ctrs. of Am., Inc. v. Golden Health Prods., Inc., No. C 12-05586 CW, 2013 WL 245594, at *3 (N.D. Cal. Jan. 22, 2013)(no general jurisdiction where defendants' website generated $191,000 to California, less than 15% of its total sales), with West Marine, Inc. v. Watercraft Superstore, Inc., No. C11-04459 HRL, 2012 WL 479677, at *4 (N.D. Cal. Feb. 14, 2012)(7.4% of all sales to California, totaling $300,000 over a three-year period was high enough to confer general jurisdiction).

The context of Defendants' 10% sales is unclear. The parties do not show the state with the next highest percentage of sales, Coremetrics, 370 F. Supp. 2d at 1022, nor does Plaintiff provide guidance as to whether 10% over a five-year period is significant sales for California, or what percentage of Defendants' total revenue is dedicated to California sales. Plaintiff's exhibits that depict jewelry with the phrases "Los Angeles," "California," and the California state flag on the designs provide no calculable means to show "California is one of the largest markets for Defendants' sales." Keshishian Decl. Ex. L. Moreover, it is not clear whether these sales "prompted Defendants to travel to California, send sales agents there, or tailor their marketing activities towards the state." Natural Wellness Ctrs. of America, 2013 WL

245594, at *3.

Plaintiff alleges that USPTO registrations for Ecommerce's "Inspired Silver" trademark and EOR's "End of Retail" trademark list the owner/registrant's address in Redondo Beach, California. Keshishian Decl. ¶ 19; Pl.'s RJN Ex. 2. Defendants counter that the trademark registrations are from August 2006 and March 2013, long before the allegedly infringing conduct in this case occurred, and Defendants have since moved all business operations to Las Vegas, Nevada. Reply 4:8-10.

"General jurisdiction can be assessed by evaluating contacts of the defendant with the forum over a reasonable number of years, up to the date the suit was filed." Berdux v. Project Time & Cost, Inc., 669 F. Supp. 2d 1094 n.2 (N.D. Cal. 2009). Thus, the trademark registrations could feasibly indicate that Defendants previously had their principal place of business in California. Even so, the trademark registrations do not provide any quantitative or qualitative details of Defendants' business activities here; these trademark registrations only describe the address of the owner. Beijing Auto. Indus. Import & Export Co. v. Indian Indus., Inc., No. CV 13-4279-GHK (Shx), 2013 WL 4040072, at *2 n.2 (C.D. Cal. Aug. 7, 2013)("[R]egistration to do business in a state is merely one of several relevant factors in determining general jurisdiction."). The Court is unpersuaded that

trademark registrations from several years ago are sufficient to confer general jurisdiction. For instance, Defendants dispute that the service of process agent only remains in California to contest pending tax liens. Defendants may have previously resided and conducted business in California, but "the relevant contacts between the defendant and the forum state must not have been weakened by the passage of time." <u>Mattel, Inc. v. Greiner & Hausser GmbH</u>, 354 F.3d 857, 866 (9th Cir. 2003).

Plaintiff builds out its general jurisdiction argument by cobbling together agent-for-service-of-process records and public records searches showing Defendants' previous California-based addresses, but does not provide additional compelling evidence that Defendants continue a "business presence" here (i.e. send employees here for training, travel here extensively for business development, or operate storefronts in California). "Given the high threshold of business activity that is required under <u>Daimler</u>, the Court is not convinced that general jurisdiction may be established solely on Defendant's corporate predecessors' past activity when Defendant has no current business activity." <u>Senju Pharm. Co. v. Metrics, Inc.</u>, 96 F. Supp. 3d 428, 441 (D.N.J. 2015).

In conclusion, general jurisdiction is not satisfied for any defendant.

///

b. *Specific Jurisdiction*

The Ninth Circuit employs a three-part test to determine whether a court has specific jurisdiction over a defendant:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1227-28 (9th Cir. 2011).

The plaintiff bears the burden of proving prongs one and two. Id. If the plaintiff fails to establish either prong one or two, the "jurisdictional inquiry ends and the case must be dismissed." Id.

i. *Purposeful Direction*

The Ninth Circuit generally uses a purposeful direction analysis (as opposed to purposeful availment) when an action sounds in tort; this includes copyright infringement actions. Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1128 (9th Cir. 2010). To determine whether a defendant has purposefully directed itself at the forum, courts use the three-part "effects" test set forth by the Supreme Court in Calder v. Jones, 465 U.S. 783 (1984). To satisfy the Calder test, the defendant must have: (1) committed an intentional act; (2) that is expressly aimed at the

19

forum state; (3) causing harm that defendant understands is likely to be felt in the forum state. Dole Food v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002).

### 1. *Intentional Act*

To commit an "intentional act," the defendant must intend to perform the actual, physical act, rather than the result. Schwarzenegger v. Fred Martin Motor Co., 373 F.3d 797, 797 (9th Cir. 2004).

The parties seemingly agree that corporate Defendants' marketing, manufacturing, and distributing of the allegedly infringing jewelry pieces constitutes an "intentional act." Compl. ¶¶ 19-21, 29-31; Mot. 13:24-14:5. But Defendants aver that Strager did not perform intentional acts because any alleged intentional act could only be performed in his corporate capacity, not in his personal capacity as CEO. Mot. 14:18-20.

Per the "fiduciary shield doctrine," the fact that a corporation is subject to local jurisdiction does not mean its nonresident officers and directors are also subject to personal jurisdiction. Colt Studio, Inc. v. Badpuppy Enter., 75 F. Supp. 2d 1104, 1111 (C.D. Cal. 1999). But a CEO may be subject to personal jurisdiction if it is a "primary participant" in the wrongdoing or if Plaintiff "establish[es] that the individual defendant personally directed the activities toward the forum state giving rise to the complaint."

*Indiana Plumbing Supply, Inc. v. Standard of Lynn, Inc.*, 800 F. Supp. 743, 750 (C.D. Cal. 1995).

Plaintiff alleges in its Complaint that Strager "is a principal, guiding spirit, and/or central figure" in Ecommerce and EOR with "control over the day to day operations," Compl. ¶ 6, and Defendants stated that Strager handles "management and oversight of the sales, manufacturing and distribution [plus] . . . design, production, and customer fulfillment for [Ecommerce and EOR]." Strager Decl. ¶¶ 1, 5. Beyond these general allegations, the Court cannot say that Strager, in his individual capacity, was a "primary participant" in the alleged wrongdoing.

## 2. *Express Aiming*

Plaintiff argues that Defendants expressly aimed their conduct at California by (1) advertising their pendants online to California consumers; (2) marketing them through California-based social media companies, personal websites, and Amazon; and (3) controlling the pendants' distribution into California. Opp'n 13:15-19.

The Ninth Circuit "has struggled with the question whether tortious conduct on a nationally accessible website is expressly aimed at any, or all, of the forums in which the website can be viewed." *Mavrix*, 647 F.3d at 1229. "One rule, however, is clear: A defendant has not purposefully availed himself of the privilege of conducting activities in a forum state

merely because he operates a website which can be accessed there." DFSB Kollective Co. Ltd v. Bourne, 897 F. Supp. 2d 871, 880 (N.D. Cal. 2012)(internal quotation marks and citations omitted). Something more than a passive website is required, and courts will consider the website's interactivity, the "geographic scope of defendant's commercial ambitions," and whether the defendant individually targeted a known plaintiff of the forum state. Mavrix, 647 F.3d at 1229.

Most of Plaintiff's arguments regarding this prong are unavailing. First, marketing the allegedly infringing jewelry through California-based social media companies like Facebook and Twitter is inadequate to constitute conduct "expressly aimed" at California. DFSB Kollective, 897 F. Supp. 2d at 883. Plaintiff argues Defendants expressly aim their conduct at California in the following ways: Defendants' jewelry pieces are advertised as "for all the cool cats in Los Angeles;" Plaintiff's counsel received a "targeted" online banner at their office in this forum that advertised the infringing pendants; and Plaintiff's counsel ordered the infringing pendants and had them delivered to their office in this forum. Keshishian Decl. ¶¶ 14, 21, 22; Ex. K, N, O.

Advertisements for the Pave Heart Necklaces which state "[t]his one is for all the cool cats in Los Angeles" suggest that Defendants were looking to attract California consumers and target California

markets.  <u>In-N-Out Burgers v. Basso</u>, No. CV 05-1231 ER, 2005 WL 5337562, at *2 (C.D. Cal. June 27, 2005)(defendant's website stated that his California work-out locations were "coming soon," and provided relevant contacts and phone numbers for this businesses).  While <u>Basso</u> was slightly more emphatic in aiming business conduct at California, the Court could see how Defendants target California consumers, at least on their retail website.  This also contradicts Defendants' assertion that they do not target any print media toward California.  Strager Decl. ¶¶ 8, 12.

But the Pave Heart Necklace, which was advertised towards "cool cats in Los Angeles," is not one of the allegedly infringing pieces giving rise to the copyright infringement action.  <u>Compare</u> Compl. <u>with</u> Keshishian Decl. Ex. K.  <u>Warner Bros. Home Entm't, Inc. v. Shi</u>, No. CV 12-07753 DMG (PLAx), 2013 WL 12116586, at *6 (C.D. Cal. Jan. 29, 2013)(emphasis in original)(internal quotation marks and citations omitted) stated that "[t]here is a material difference between a defendant who incidentally harms the plaintiff by selling illegal copies of the plaintiff's goods to a national or global audience and a defendant who engages in wrongful conduct *targeted* at a plaintiff whom the defendant knows to be a resident of the forum state."  The advertisement apparently aimed at California and Los Angeles residents advertises a piece of jewelry that did not even give rise to the

apparently wrongful conduct.  Thus, the Court cannot say that through a passing reference to California, on a jewelry piece not even giving rise to the lawsuit, Defendants "expressly aimed" their intentionally infringing acts at California.

Plaintiff's counsel was also apparently able to access an online banner at his office in California. The banner advertised various jewelry from inspiredsilver.com.  But the banner does not specifically target California residents, nor do the surrounding facts suggest that Defendants "continuously and deliberately exploited" the California market any more than they did another market which may have seen this online banner.  L.A. Gem & Jewelry Design, Inc. v. Reese, No. CV 15-03035 SJO (MRWx), 2015 WL 4163336, at *4 (C.D. Cal. July 9, 2015)("Absent evidence of significant sales in the forum state, email or website advertising, standing alone, do not give rise to [personal] jurisdiction.").

And Plaintiff's counsel's efforts to order and receive Defendants' products in California are not dispositive of capitalizing on a stream of commerce to California.  "Defendants cannot be said to have purposely availed themselves . . . of this forum when it was an act of someone associated with plaintiff, rather than Defendants' Web site advertising, that brought defendants' product into this forum."  Simone v. VSL Pharmaceuticals, Inc., No. TDC-15-1356, 2017 WL

658711, at *5 (D. Md. Feb. 16, 2017).  Plaintiff L.A. Gem has previously tried to present a court in this district with evidence of internet sales to California residents by having his law clerk order allegedly infringing jewelry from defendant corporations.  <u>Reese</u>, 2015 WL4163336, at *4.  But here, as in <u>Reese</u>, Plaintiff's Complaint did not state that Defendants made any internet sales to California residents, only generally asserting that "California is one of Defendants' primary markets for jewelry."  Keshishian Decl. ¶ 16.  The Court is wary of relying too heavily on these contacts arising after the alleged copyright infringement in 2015-2016.  <u>Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.</u>, 907 F.2d 911, 913 (9th Cir. 1990)("Only contacts occurring prior to the event causing the litigation may be considered.")  Thus, Defendants have not expressly aimed conduct at California.

### 3. *Harm in California*

To satisfy this prong, "the brunt of the harm need not be suffered in the forum state," but merely "a jurisdictionally sufficient amount of harm."  <u>Yahoo! Inc. v. La Lique Contre Le Racisme Et L'Antisemitisme</u>, 433 F.3d 1199, 1207 (9th Cir. 2006).

Plaintiff alleges that Defendants "wilfully infringed [their] registered copyrights while knowing [Plaintiff] is located in this state."  Compl. ¶ 7.  In response, Defendants argue that the bulk of the harm

was not felt in California, and Defendants had no knowledge of Plaintiff's existence before the lawsuit. Strager Decl. ¶ 6.

For a copyright action, the Ninth Circuit has reasoned that "it [would be] foreseeable that [plaintiff] would be harmed by infringement of its copyright, including harm to its business reputation and goodwill, and decreased business and profits. It was also foreseeable that some of this harm would occur in the Forum, where [plaintiff] was known to reside." Brayton, 606 F.3d 1124 at 1127; see also Amini Innovation Corp. v. JS Imports, Inc., 497 F. Supp. 2d 1093, 1105 (C.D. Cal. 2007)("[N]umerous courts within the Ninth Circuit have found specific jurisdiction in cases where a plaintiff brings suit in its home forum against an out-of-state defendant, alleging that the defendant engaged in infringing activities knowing that plaintiff was located in the forum.")  Plaintiff has made at least a prima facie showing that Defendants knew their infringing conduct could have borne harm in California, where Plaintiff's principal place of business was located.

To conclude, while intentional acts and harm in California are satisfied, Plaintiff cannot show that Defendants purposefully directed their alleged copyright infringement at the forum state, as it cannot show the activities were expressly aimed at the forum. ///

ii. *Remaining Prongs*

The remaining prongs are whether Plaintiff's claims arise out of Defendants' forum-related activities and whether the exercise of jurisdiction would be reasonable.  Because Plaintiff did not show that Defendants purposefully availed themselves of the privileges of conducting activities in the forum, the Court need not delve into the remaining two prongs. Boschetto v. Hansing, 539 F.3d 1011, 1021 (9th Cir. 2008)(if the plaintiff fails to establish either prong one or two of the Ninth Circuit three-part test for specific jurisdiction, the "jurisdictional inquiry ends and the case must be dismissed.").[4]  Therefore, specific jurisdiction is not satisfied, and the Court lacks personal jurisdiction over Defendants.

4.  Venue

Under 28 U.S.C. § 1400(a), venue for copyright actions is proper "in the district in which the defendant or his agent resides or may be found."  A defendant "may be found" wherever personal jurisdiction is proper.  Colt Studio, 75 F. Supp. 2d at 1112.  For the same reasons stated above regarding the Court's lack of personal jurisdiction over Defendants, venue is

---

[4]  The Court does note that "whether the claims arose out of Defendants' contacts" prong is easily satisfied, as "[b]ut for Defendant's delivering infringing pendants into the stream of commerce [through its websites], Plaintiff would not have been injured[,] giving rise to its claims." Opp'n 16:26-27.  This is a sufficient nexus between the copyright infringement claims and Defendants' activities.  Allstar, 666 F. Supp. 2d at 1122.

also improper in the Central District of California.

    5. <u>Jurisdictional Discovery</u>

    Plaintiff requests that if the Court grants Defendants' Motion, that it be afforded the opportunity to conduct jurisdictional discovery on both general and specific jurisdiction. Opp'n 24:10-17. The Court **DENIES** Plaintiff's request. Plaintiff's Opposition does not inform the Court of details regarding what the additional discovery would establish. <u>Boschetto</u>, 539 F.3d at 1020 (affirming jurisdictional discovery request denial "based on little more than a hunch that [discovery] might yield jurisdictionally relevant facts.") Because Plaintiff has failed to show more than speculative allegations of attenuated jurisdictional contacts "in the face of specific denials made by [D]efendants" thus far, "the Court need not permit even limited discovery." <u>Terracom v. Valley Nat'l Bank</u>, 49 F.3d 555, 562 (9th Cir. 1995).

## III. CONCLUSION

    For the reasons set forth above, the Court **GRANTS** Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) [13]. Clerk to close this action.

    **IT IS SO ORDERED.**

DATED: April 27, 2017    <u>s/ RONALD S.W. LEW</u>

                            **HONORABLE RONALD S.W. LEW**
                            Senior U.S. District Judge